IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-01005-WYD-KMT

TROY ANDERSON,

    Plaintiff,

v.

STATE OF COLORADO, DEPARTMENT OF CORRECTIONS;
SUSAN JONES, in her official capacity as Warden of Colorado State Penitentiary; and
ARISTEDES W. ZAVARAS, in his official capacity as Executive Director of the Colorado Department of Corrections,

    Defendants.

**ORDER**

THIS MATTER is before the Court on Defendants' Motion to Dismiss [ECF No. 5], filed May 25, 2010.  Defendants move to dismiss Plaintiff's claims asserted under the Eighth and Fourteenth Amendments of the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act.  I have considered Plaintiff's response in opposition to the motion [ECF No. 9], filed June 23, 2010 and Defendant's reply in support of the motion [ECF No. 12], filed July 16, 2010.  For the reasons stated below, Defendants' motion to dismiss is denied.

**I.    BACKGROUND**

This case arises out of a complaint filed by Plaintiff Troy Anderson against three defendants: the State of Colorado Department of Corrections ("CDOC"); Susan Jones,

the warden of the Colorado State Penitentiary ("CSP"), in her official capacity; and Aristedes Zavaras, the Executive Director of the CDOC, his official capacity.

On March 20, 2000, Mr. Anderson was incarcerated at the CSP after his conviction of charges related to menacing as well as attempted murder. (Compl. ¶ 45.) Following his sentencing for these convictions, Mr. Anderson was placed directly into administrative segregation at Denver Reception and Diagnostic Center ("DRDC"). (Compl. ¶ 50.) Shortly thereafter he was moved to administrative segregation at CSP. *Id*. He was then briefly moved to the San Carlos Correctional Facility ("SCCF"), a CDOC facility for mentally ill prisoners, but was then returned back to CSP, against the wishes of his therapists and doctors at SCCF, who believed he should remain at SCCF for further mental health treatment. (Compl. ¶¶ 54, 55.) While at SCCF, Mr. Anderson was assessed as having Intermittent Explosive Disorder and Anti-Social Personality Disorder, but additional necessary treatment was not completed, as Mr. Anderson was transferred back to CSP. (Compl. ¶ 56). Mr. Anderson has been housed at the CSP since that time. He alleges that he has been kept in administrative segregation without due process; that he has been denied medications without due process; that he has not received adequate medical treatment; that he has been kept indoors for a period of over nine years; and that he has been discriminated against on the basis of his mental disabilities.

## II. STANDARD OF REVIEW

Under Fed.R.Civ.P. 12(b)(6), a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The

Court's inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). Furthermore, conclusory allegations are "not entitled to the assumption of truth." *Id.* at 1950.

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. Additionally, the Tenth Circuit has instructed

that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" and that whether a defendant receives fair notice "depends on the type of case." *Id.*

## III. ANALYSIS

As an initial matter I note the Eleventh Amendment forbids a suit for damages against a state in federal court. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir.1993) (citing *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). Thus, to the extent that Mr. Anderson is suing the Defendants in their official capacities for money damages, such a claim is properly dismissed as barred by the Eleventh Amendment, unless the state has waived Eleventh Amendment Immunity. States waive their Eleventh Amendment immunity under the Rehabilitation Act (the "RA"), however, by accepting federal financial assistance. The only statute under which Mr. Anderson seeks monetary damages is the Rehabilitation Act, and only against the state itself, not the individual Defendants. (Pl.'s Resp. at 4.)

### A. Statute of Limitations

Defendants' first argument is that each of Mr. Anderson's claims should be dismissed as barred by the statute of limitations. Although the statute of limitations is an affirmative defense, the issue may be resolved on a motion to dismiss where the application of the limitations period is apparent on the face of the complaint. *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008); *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 & n. 4 (10th Cir. 1980).

In this case, the applicable statute of limitations for Plaintiff's first through fourth

claims, each brought under 42 U.S.C. § 1983, is Colorado's two-year statue of limitations for personal injury actions. *See* Col. Rev. Stat. § 13-80-102(1)(g) ("All actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and "regardless of the theory upon which suit is brought ... shall be commenced within two years."); *see also Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994) (finding that "§ 1983 claims are best characterized as personal injury actions and we therefore apply" the State of Colorado's two-year statute of limitations (citation omitted)). Mr. Anderson's fifth claim, brought under Title II of the ADA, 42 U.S.C. § 12132, and his Sixth claim, brought pursuant to Section 504 of the RA, 29 U.S.C. § 794, are also governed by a two-year statue of limitations. *See EEOC v. W.H. Braum, Inc.*, 347 F.3d 1192, 1197 (10th Cir. 2003); *Baker v. Board of Regents*, 991 F.2d 628, 631 (10th Cir. 1993).

Although state law governs issues regarding the applicable statute of limitations, "federal law governs the determination of when a § 1983 action accrues." *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) (*citing Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995)). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (quotation omitted). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) (citation omitted). The accrual of Mr. Anderson's claims brought under Title II of the ADA and Section 504 of the RA is

likewise determined by federal law.  Accordingly, for each of Mr. Anderson's claims, the statute of limitations began to run when he knew or had reason to know of the cause of his injuries that would form the basis of his action.   *Alexander v. Okla.*, 382 F.3d 1206, 1215 (10th Cir. 2004).

Mr. Anderson filed his Complaint on May 3, 2010.  Thus, any claims that accrued prior to May 3, 2008 may be barred by the statute of limitations.  Applying these standards, I cannot say that it is apparent from the face of the Complaint that any of Mr. Anderson's claims are barred by the statute of limitations.

Plaintiff's first claim is premised on the assertion that the classification and review system used to determine Mr. Anderson's placement within the prison, including the use of chrons to assess negative behavior, violates Mr. Anderson's right to due process under the Fourteenth Amendment.  Mr. Anderson asserts that the Defendants have "failed to provide any meaningful review process assessing why Mr. Anderson is held indefinitely in solitary confinement." (Compl. ¶ 184.)  He further alleges that "Defendants reliance on negative chrons to keep Mr. Anderson in solitary confinement creates an arbitrary process that fails to provide Mr. Anderson sufficient process." (Compl. ¶ 186.)  To the extent Mr. Anderson's claim challenges his initial placement in administrative segregation, it is barred by the two-year statute of limitations.  His claim, however, goes further and challenges the process that continues to keep him there. This claim is supported by factual allegations that took place within the statute of limitations period and is therefore not barred.

In his second claim, Mr. Anderson asserts that Defendants have denied requests for medication without due process. Specifically, he asserts that on July 15, 2004 the formulary board at the CSP denied a prescription for Strattera, a non-stimulant treatment for adult ADHD (Compl. ¶ 93) and that Defendants gave no reason for the denial. (Compl. ¶ 94.) Additionally, he states that in April 2007, his psychiatrist and therapist determined that he should take a stimulant called Wellbutrin, but that the CSP formulary board rejected the request for the medication. (Compl. ¶¶ 96, 97.) He argues that his due process rights have been violated with respect to these denials because he "has no personal recourse to appeal the decision by the formulary board rejecting his psychiatrist and therapist's request he receive Wellbutrin or Straterra." (Compl. ¶ 99.)

Although the Complaint includes the dates that Mr. Anderson was initially prescribed these two medications it is unclear from the face of the Complaint when the appeal process was complete, or if Mr. Anderson continues to appeal these denials. (Compl. ¶¶ 98 - 101.) Accordingly, it is not clear from the allegations in the Complaint that Mr. Anderson's second claim is barred by the statute of limitations.

In his third claim, Mr. Anderson contends that Defendants have violated his Eighth Amendment rights by failing to provide him with adequate medical treatment. Like the allegations which support Mr. Anderson's second claim, some of the specific factual averments may indeed fall outside the limitations period. The specific averments all relate, however, to Mr. Anderson's broader claim that he has received inadequate medical treatment throughout his incarceration and that he continues to receive inadequate treatment today. As such, from the allegations in the Complaint, I cannot

say that this claim is time-barred.

In this fourth claim, Mr. Anderson asserts a violation of his Eighth Amendment rights based on denial of access to outdoor exercise. He asserts that he has been, and is currently, denied all access to outdoor exercise and that he has not been outside in over nine years. I find that this claim is not barred by the statute of limitations.

I likewise find that it is not apparent from the face of the Complaint that Mr. Anderson's fifth and sixth claims, for violations of the ADA and the RA, are barred by the statute of limitations. Anderson alleges that he has been discriminated against on the basis of his alleged mental disabilities, and that he continues to be discriminated against. I note that Mr. Anderson specifically states that he is only seeking damages under the RA for the two-year period prior to the filing of the Complaint.

### B.     Alternative Grounds for Dismissal - Failure to State a Claim

Defendants argue in the alternative that claims one, two, four, five, and six should be dismissed for failure to state a claim. Defendants make no alternative arguments regarding claim three. Contrary to the Defendants' assertions, I find that Mr. Anderson has adequately pled each of his claims. Mr. Anderson's Complaint offers more than conculsory allegations. It contains specific averments regarding his continued placement in administrative segregation, his treatment while in prison, his lack of medical care, and his complete denial of outdoor exercise, such that each of his claims is sufficiently nudged "across the line from conceivable to plausible." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Accordingly, I find that it would be premature to dismiss Mr. Anderson's claims at this stage in the proceedings.

### III. CONCLUSION

Based on the foregoing, it is

ORDERED that Defendants' Motion to Dismiss is DENIED.

Dated: March 30, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge