IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01005–WYD–KMT

TROY ANDERSON,

    Plaintiff,

v.

STATE OF COLORADO, DEPARTMENT OF CORRECTIONS,
SUSAN JONES, in her official capacity as warden of Colorado State Penitentiary, and
ARISTEDES W. ZAVARAS, in his official capacity as Executive Director of the Colorado
Department of Corrections,

    Defendants.

# ORDER

This matter is before the court on "Plaintiff's Motion for Additional Requests for Admission" (Doc. No. 34 [Mot.], filed March 24, 2011). Defendants filed their Response on April 4, 2011. (Doc. No. 38 [Resp.].)

At the August 3, 2010, Scheduling Conference, this court entered a Scheduling Order establishing a limit of 50 Requests for Admission. (Doc. No. 15). Plaintiff states he has, since March 25, 2011, submitted fifty Requests for Admission, and has received responses to fifteen of the Requests. (Mot., ¶ 2.) On January 18, 2011, Plaintiff's counsel conducted an Entry onto Land pursuant to Fed. R. Civ. P. 34. (*Id.*, ¶ 3.) During this Entry onto Land, Plaintiff's counsel was permitted to take photographs and record video of the Entry. (*Id.*, ¶ 3.) Plaintiff's counsel

took approximately 458 photographs, and approximately forty separate video clips. (*Id.*, ¶ 3.) Defendants' counsel was present during the entirety of this Entry onto Land. (*Id.*, ¶ 4.)

On January 31, 2011, Plaintiff's counsel contacted Defendants' counsel via telephone to discuss stipulating to the authenticity of the photographs and video clips obtained during the Entry onto Land. (*Id.*, ¶ 5.) Defendants' counsel did not agree to such a stipulation at that time. (*Id.*, ¶ 6.) Plaintiff's counsel contacted Defendants' counsel several times after that date in an attempt to request additional Requests for Admission for the limited purpose of admitting or denying the authenticity of the photographs and video clips obtained during the Entry onto Land, but Defendants' counsel did not respond with a decision. (*Id.*, ¶¶ 7, 9, 10, 11.) On March 24, 2011, Defendants' counsel indicated that Defendants fail to see the need in increasing the number of Requests for Admission for the purpose of establishing the accuracy and authenticity of the photographs and video clips identified in Plaintiff's proposed Requests for Admission. (*Id.*, ¶ 11.)

Plaintiff, in an effort to increase judicial efficiency, and in order to have these photographs and video clips available for Plaintiff's use in future dispositive motions and during trial, requests an additional fifty-seven Requests for Admission for the limited purpose of authenticating the photographs and video clips obtained during the Entry onto Land Plaintiff. (*Id.*, ¶ 12.)

Defendants have provided no reason or explanation why they refuse to stipulate to the <u>foundation</u>–not the admissibility–of the video exhibits and pictures, and there is no indication that the foundation is disputed, since the parties conducted the Entry onto Land together.

Defendants' obstreperous behavior has caused the Plaintiff to file this motion and has caused this court to waste judicial resources to review it.  As the Defendants continue to refuse to stipulate to the authenticity of certain exhibits, Plaintiff is well within his rights to seek such authentication via requests for admission.  Accordingly, it is

**ORDERED** that "Plaintiff's Motion for Additional Requests for Admission" (Doc. No. 34) is GRANTED.  Plaintiff may, no later than April 11, 2011, propound the additional requests for admission.  Defendants shall respond to the additional requests for admission no later than April 28, 2011, the current discovery deadline.

Dated this 7th day of April, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge