**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-1005-RBJ-KMT

TROY ANDERSON,

    Plaintiff,

v.

STATE OF COLORADO, DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

---

## STIPULATIONS

---

The parties hereby stipulate to the following:

1. Plaintiff is, and at all times relevant to this action has been, a prisoner incarcerated at CSP by the CDOC.

2. The CDOC operates under a five level facility classification system. A Level I facility provides the least amount of security and also provides the least amount of staff.

3. CSP is a maximum-security/administrative segregation facility and is the most secure and most restrictive facility within the CDOC prison system.

4. CDOC incarcerates Mr. Anderson under color of State law for purposes of 42 U.S.C. § 1983.

5. CDOC receives federal financial assistance as the term is used in 29 U.S.C. § 794.

6. CSP houses those offenders assigned at Quality-of-Life Levels One, Two, and Three.

7. Upon assignment of Quality-of-Life Level Four, offenders are transferred to the Sterling Correctional Facility.

8. Inmates that progress out of administrative segregation into a non-administrative segregation facility, including those participating in the OMI programs at CSP and CCF, are not ordinarily credited with any retroactive earned time that would have been earned but for their status as administrative segregation offenders.

9. On December 8, 2010, Mr. Anderson was selected for participation in the OMI program with a large number of other offenders.

10. On September 7, 2006, Mr. Anderson was prescribed Effexor for the treatment of his ADHD symptoms.

11. The non-formulary committee is a panel of psychiatrists who are provided the task of reviewing psychiatric requests from other psychiatrists for medications that are not found on the CDOC's formulary.

12. On October 4, 2007, Mr. Anderson was prescribed Desipramine, a drug used for the treatment of ADHD.

13. Mr. Anderson was on Ritalin for treatment of ADHD for a period of approximately two months, when he was 10 years old.

14. In late 2010 Wellbutrin was added to the CDOC formulary.

15. On December 10, 2010, Mr. Anderson was prescribed Wellbutrin by Dr. Koprivnikar.

16. Mr. Anderson experienced significant side effects with taking Wellbutrin and Desipramine at the same time. Therefore, Dr. Koprivnikar decided to taper Mr. Anderson off the Desipramine and eventually discontinued it.

17. Placement of information into the Chronological Log is the sole discretion of prison staff.

18. A "chron," is an entry from the Chronological Recording Database, an electronic database utilized by all staff to document offender behavior.

19. The dimensions of Mr. Anderson's cell are 13'2" by 6'9".

20. The approximate dimensions of the outdoor recreation area at CSP are 35' by 20'.

21. The distance from the entry door of D Pod in CSP to the outdoor recreation at CSP is not longer than 150 feet.

22. The dimensions of the window in Plaintiff's cell are 44.5 inches by 5 inches.

23. The dimensions of a tray slot in a cell door at CSP are approximately 15 inches by 5 inches.

24. Mr. Anderson has exhausted his administrative remedies, meaning he has filed each to the step 3 level, for each of his claims.

25. From the time of Mr. Anderson's incarceration in 2000 until August 2011, he was not eligible to receive any type of good time or earned time credit, as a result of his administrative segregation status.

26. There is no written policy requiring any staff member to notify a prisoner prior to logging a negative chronological record in the prisoner's file.

27. There is no written policy requiring any staff member to discuss or attempt to resolve an incident with a prisoner prior to logging a negative chronological record in the prisoner's file.

28. CDOC prisoners are placed at CSP based upon inappropriate behavior while in general population or other institutions.

29. Mr. Anderson was placed into the OMI program because of his clinical need and his amenability to treatment.

30. Though at times Mr. Anderson has been a P-2 or P-4, for the vast majority of his time in the Department since 2000 he has been classified as a P-3.

31. Mr. Anderson has a variety of mental health conditions.

32. Mr. Anderson is diagnosed with Attention Deficit and Hyperactivity Disorder (ADHD).

33. Defendants had a legitimate penological interest in placing Mr. Anderson at CSP.

34. Defendants have a legitimate penological interest in continuing to house Mr. Anderson at CSP.

Respectfully submitted,

s/ Amy F. Robertson
Amy F. Robertson
Fox & Robertson, P.C.
104 Broadway, Suite 400
Denver, CO 80203
(303) 595-9700 (voice)
(303) 595-9705 (fax)
arob@foxrob.com

s/ Brittany Glidden
Brittany Glidden
Laura L. Rovner
Brenden Desmond, Student Attorney
Katherine Hartigan, Student Attorney
Maha Kamal, Student Attorney
Student Law Office
University of Denver Sturm College of Law
2255 E. Evans Ave.
Denver, CO, 80208
Ph: 303-871-6140
Fax: 303-871-6847
bglidden@law.du.edu
Attorneys for Plaintiff

s/ Chris W. Alber
Chris W. Alber
Assistant Attorney General
Corrections Unit
Civil Litigation and Employment Law Section
Attorneys for Defendants
1525 Sherman Street, 7th Floor
Denver, CO 80203
Telephone: (303) 866-4308
chris.alber@state.co.us

Attorney for Defendants

Dated April 27, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Chris W. Alber
chris.alber@state.co.us

Jacquelynn Rich Fredricks
Jacquelynn.RichFredricks@state.co.us

                                                s/ Caitlin R. Anderson
                                                Caitlin R. Anderson
                                                Paralegal
                                                Fox & Robertson, P.C.